

Joel G. MacMull
Ext. 339
jmacmull@goetzfitz.com

January 13, 2015

**VIA ECF**

Hon. Lorna G. Schofield, U.S.D.J.
United States Courthouse
40 Foley Square, Courtroom 1106
New York, NY 10007

      Re:      **Opinion Corp. et al. v. Roca Labs, Inc. et al.**
                **Case No. 14-cv-6396 (LGS)**

Dear Judge Schofield:

      We represent plaintiff in the above-captioned matter. We write to the Court now pursuant to L. Civ. R. 37.2 and Section III.C.3 of Your Honor's Individual Rules for a pre-motion conference to: (i) compel the immediate production of defendants' written responses and documents in response to plaintiff's initial written discovery demands served on December 4, 2014; and (ii) extend fact discovery by 45 days.

**Background**

      On October 22, 2014, the parties appeared before Your Honor for an initial case management conference. (Minute Entry 10/22/2014.) In connection with that appearance the parties submitted beforehand a proposed scheduling order, which the Court in turn entered. (Dkt. No. 22.)

      On November 17, 2014, plaintiff wrote the Court requesting that its due date of November 19, 2014 to respond to plaintiff's motion to dismiss the Amended Complaint be adjourned and that it further be permitted to file a Second Amended Complaint to assert a cause of action under 17 U.S.C § 512(f) of the Digital Millennium Copyright Act arising from defendants' then recent misconduct. (Dkt. No. 25.) In the absence of a Court order granting plaintiff's adjournment request, plaintiff filed its opposition to defendants' motion to dismiss on November 19, 2014. (Dkt. No. 27.) An order in connection with plaintiff's November 17, 2014 application followed on November 21, 2014 (Dkt. No. 28), wherein, among other things, the Court ordered the parties to teleconference with the Court on November 25, 2014. (*Id.*)

 **GOETZ FITZPATRICK LLP**

Hon. Lorna G. Schofield, U.S.D.J.
January 13, 2015
Page 2 of 5

Following the receipt of the Court's November 21, 2014 order, plaintiff wrote to defendants the following:

> Shawn,
>
> I trust by now you have reviewed the Court's order from earlier today. I think it would be helpful if we could speak on Monday, even if only briefly, to assess your clients' position in advance of our call with the Court on Tuesday. …
>
> As I'm sure you also know, our current scheduling order provides for the service of initial written discovery today. **However, in view of the Court's order below, as well as paragraph 8(f) of our scheduling order which allows us to amend our schedule without prior court approval, we'd like to hold off on serving our initial written discovery pending our call with the Court. Naturally, if we are permitted to amend our amended complaint to add a Section 512(f) claim that should come before any discovery**. Also, we remain mindful that we still owe you our initial disclosures pursuant to Rule 26(a), which will follow shortly under [separate] cover shortly.
>
> **Lastly, pursuant to Rule 5(b)(2)([E]), please accept our invitation to jointly stipulate to service via email going forward to the extent practical.** Thanks.

(A copy of plaintiff's email to defendants dated November 21, 2014 at 3:16 p.m. is attached hereto as Exhibit 1; emphasis added.) Counsel for defendants responded less than two hours later, writing, in relevant part:

> **Agreed on all counts**…I do have to file a letter today in response to yours. It will be brief but we can certainly talk on Monday.

(*Id.*; emphasis added.)

The parties convened before the Court telephonically on November 25, 2014. After hearing from both sides, the Court denied plaintiff's application to further amend its Amended Complaint without prejudice, electing instead to decide defendants' pending motion to dismiss first. (Dkt. No. 31.) The Court once again indicated it would not stay discovery pending the outcome of defendants' motion.[1] In response, Plaintiff indicated it was reluctant to engage in the sort of bifurcated fact discovery called for by the Court's ruling should it succeed in opposing defendants' motion. The Court advised plaintiff that it may stay fact discovery, but only if **plaintiff** wished to do so. The Court further advised plaintiff to consider its ruling and decide how it wished to proceed.

On December 4, 2014, the week after the parties' November 25, 2014 teleconference with the Court, plaintiff served defendants with its First Set of Discovery Demands via email.

---

[1]   The Court first indicated it would not stay discovery during the parties' initial case management conference on October 22, 2014.

 GOETZ FITZPATRICK LLP

Hon. Lorna G. Schofield, U.S.D.J.
January 13, 2015
Page 3 of 5

Again, defendants had expressly agreed to accept service via email pursuant to Fed. R. Civ. P. ("Rule") 5(b)(2)(E) on November 21, 2014. (*See* Exhibit 1.) Plaintiff's cover email stated:

> Shawn,
>
> Further to our conversation with the Court last Tuesday, plaintiff has elected to proceed with discovery in this matter notwithstanding our expectation that we'll be entitled to amend the Amended Complaint.
>
> Accordingly, please find enclosed plaintiff's Fed. R. Civ. P. 26(a) initial disclosures and first set of discovery demands.

(A copy of plaintiff's email and discovery served on defendants on December 4, 2014 at 10:51 a.m. is attached hereto as Exhibit 2.)

On January 6, 2014, having not received any response to its written discovery within the 30 days provided under Rules 33, 34 and 36, plaintiff wrote to defendants in search of their written responses and documents. Counsel for defendants responded that he had not seen the December 4, 2014 email containing plaintiff's discovery and requested a brief extension to respond. Plaintiff in turn replied the same day:

> Shawn,
>
> Your delay in providing us with responses and documents, even if only brief in duration, is problematic in view of our Court ordered discovery schedule, which, as you know, sets forth 2/9/15 as our date to complete fact discovery. Nevertheless, if you can us get us your responses and documents by week's end and further agree not to oppose to any application we may make to briefly extend the current fact discovery deadline, we should be able to work this out without the Court's involvement. Please understand, however, that notwithstanding the foregoing plaintiff reserves its right to deem any objection you may wish to raise as untimely and as to our Requests for Admission, we deem those matters admitted arising from defendants' failure to respond within 30 days as provided under Fed. R. Civ. P. 36(a)(3).

In response, defendants failed to confirm their agreement to provide plaintiff with their responses and documents by January 9, 2014 as plaintiff requested. Rather, and despite being clearly untimely under Rule 36 as plaintiff's earlier email had indicated, defendants instead hastily prepared responses to plaintiff's requests for admission, in the process omitting a service date for these same belated responses. (A copy of the parties' complete email correspondence from January 6, 2014 is attached hereto as Exhibit 3.)

On January 7, 2014, and without the benefit of defendants' written responses and documents — or for that matter when they would be forthcoming — plaintiff was forced to adjourn four depositions which had previously been noticed on December 4, 2014 for January 14

 GOETZ FITZPATRICK LLP

Hon. Lorna G. Schofield, U.S.D.J.
January 13, 2015
Page 4 of 5

and 15, 2015. Plaintiff's email also requested that defendants confirm that their production and responses would be delivered to plaintiff by January 9, 2014. (A copy of plaintiff's January 7, 2014 email is attached as Exhibit 4.) Defendants responded via letter on January 8, 2015 indicating, *inter alia*, that they did not intend to supply plaintiff with their responses and documents by January 9, 2015 as plaintiff had requested. Defendants' letter also contained additional arguments in support of their non-disclosure that are, as explained below, entirely without merit. (A copy of defendants' January 8, 2014 letter is attached as Exhibit 5.)

The parties met and conferred about the issues raised in defendants' January 8, 2015 letter on January 12, 2015 but were unable to resolve any of them.

### **Argument**

It is hard to understand the basis for defendants' continued refusal to respond to plaintiff's discovery served on December 4, 2015. The Rules clearly provide that responses to discovery are to be served within 30 days of service and, in the case of requests for admissions under Rule 36, are deemed admitted unless responded to within 30 days. *See* Rule 36(a)(3); *see also* Rules 33(b)(2) and 34(b)(2)(A).

Here, plaintiff indicated its willingness to work with defendants within the confines of a very tight fact discovery deadline — at present February 9, 2015 — but was rebuffed. Defendants' remaining contentions as set forth in their January 8, 2015 letter are addressed below seriatim.

As for defendants' argument that plaintiff waived its right to serve discovery in this case, their argument is belied by the email record between the parties. Defendants agreed with plaintiff on November 21, 2014 to withhold serving initial discovery until the Court had ruled on plaintiff's request to further amend its Amended Complaint. (*See* Exhibit 1.) Yet, and incredibly, defendants now appear to have no recollection of their prior agreement in advancing their preposterous waiver argument. And, during the brief nine day interlude that followed the parties' conference with the Court on November 25, 2014 (a period that included Thanksgiving), plaintiff, **per the Court's instruction**, contemplated a stay of discovery but ultimately elected to proceed with its case.

Defendants' blanket objections to discovery which they contend has no bearing on this case are also improper. Whatever defendants' attitude may be concerning the appropriate scope of plaintiff's discovery, plaintiff is nevertheless entitled as a matter of law to specific responses to each of its discovery requests. *See* Rule 33(b)(3); 34(b)(2)(B) (referring to **each** interrogatory and **each** category of documents requested necessitating a separate response). Moreover, in the absence of defendants' formal responses to each request made the issues cannot be crystallized for the Court's review are therefore are not ripe for its consideration.

Lastly, and ignoring the obvious transparency of defendants' tact in raising the issue of improper venue now, defendants refuse to supply plaintiff with the basis for their contention that

 **GOETZ FITZPATRICK LLP**

Hon. Lorna G. Schofield, U.S.D.J.
January 13, 2015
Page 5 of 5

venue in this case is improper. (A copy of plaintiff's emails dated January 9, 2015 seeking this information is attached hereto as Exhibit 6.) But whatever the basis, the argument has been waived. "Of course, venue, like jurisdiction over the person, may be waived." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) ("[a] defendant, properly served with process by a court having subject matter jurisdiction, waives venue by failing seasonably to assert it, or even simply by making default.") (citations omitted).

Here, defendants' motion to dismiss the Amended Complaint is currently pending before this Court. (Dkt. Nos. 18, 19 and 20.) Defendants moved on grounds of lack of personal and subject matter jurisdiction, not venue, or at least not improper venue in the manner in which they conceive of it now.[2] Accordingly, the argument has been waived.

### Good Faith Effort to Resolve

Following plaintiff's receipt of defendants' letter dated January 8, 2014, plaintiff requested a telephonic meet and confer consistent with Section III.C.3 of Your Honor's Individual Rules. The parties' conferred on January 12, 2014 for approximately 15 minutes, but were unable to resolve the issues.

### Conclusion

In light of the above authorities and arguments, plaintiff respectfully requests that the Court grant the instant request for a pre-motion conference to compel and further order defendants to produce their written responses and documents imemdiately. Moreover, since defendants' continued objections and refusal to comply with the aforementioned discovery requests are without merit and were not, therefore, substantially justified, plaintiff respectfully moves this Court for an order that defendants pay plaintiff its reasonable expenses in making this motion, including its costs and attorneys' fees as **required** by Rule 37(a)(5).

Finally, in view of the ever approaching deadline for the close of fact discovery on February 9, 2015, defendants respectfully request that the Court schedule a conference at its earliest convenience to address these issues.

Thank you for the Court's consideration and attention to this matter.

Respectfully submitted,
GOETZ FITZPATRICK

Joel G. MacMull

cc:   All Counsel of Record (*via ECF*)

---

[2]   Defendants' motion argues that the anticipatory litigation exception serves to override the first to file rule in this case. (Dkt. No. 20 at 10-12.) It does not. (Dkt. No. 27 at 16-18.)